```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

LORENZO LIBURD,                      )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )    Civil No. 2010-119
                                     )
MDC GUAYNABO,                        )
                                     )
          Defendant.                 )
                                     )
                                     )
```

**ATTORNEYS:**

**Lorenzo Liburd**
F.C.I. Loretto
Loretto, PA
    *Pro se,*

**Noah David Sacks, AUSA**
St. Thomas, U.S.V.I.
    *For defendant MDC Guaynabo.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the motion of plaintiff Lorenzo Liburd's ("Liburd") for reconsideration of this Court's December 17, 2013, order dismissing the Amended Complaint in this matter.

On November 18, 2010, Liburd filed his complaint with the Court. He alleged that he sustained injuries as a result of an attack by correctional officer E.J. Lopez. He also alleged that thereafter he was given no medical attention for his injuries. He claimed that he was removed to the Special Housing Unit (the "SHU") without a hearing, and that in the SHU he was unlawfully

Liburd v. MDC Guaynabo
Civil No. 2010-119
Order
Page 2

deprived of his personal property. Liburd sought ten million dollars in damages. The only defendant named was Metropolitan Detention Center, Guaynabo ("MDC Guaynabo"). MDC Guaynabo is part of the Federal Bureau of Prisons ("BOP"), an agency in the United States Department of Justice.

For approximately one year and a half, Liburd took no further action. Thereafter, on March 21, 2012, the Magistrate Judge ordered Liburd to show cause why his action should not be dismissed for failure to prosecute. That order never reached Liburd, as his address had changed.

On December 11, 2012, the Magistrate, now in possession of Liburd's new address, again ordered Liburd to show cause why his action should not be dismissed for failure to prosecute. The December 11, 2012, order noted: "(1) other than a complaint having been filed, no action has been taken in this matter; (2) no filing fee was paid; (3) no application to proceed in forma pauperis was filed; and (4) service of process has not been effected upon the Defendant." (ECF No. 4.) The order required Liburd to show cause by January 14, 2013.

Thereafter, Liburd filed an amended complaint (the "Amended Complaint"). He also filed an application to proceed *in forma pauperis*. That application had procedural defects. Liburd was instructed to refile a complete application. He did so. On

March 19, 2013, Liburd's application to proceed *in forma pauperis* was granted. No further action was taken to address the deficiency in service noted in the December 11, 2012, show cause order.

On April 15, 2013, MDC Guaynabo a motion to dismiss. MDC Guaynabo alleges, *inter alia*, that it was never properly served.

On October 30, 2013, the Court issued an order instructing Liburd to file proof of service on the Attorney General of the United States, the United States Attorney's Office for the U.S. Virgin Islands, and the BOP, or to show cause why the action should not be dismissed for lack of timely service. The Court did not rule on the motion to dismiss at that time, and thus it remained pending. Liburd filed a letter stating he had served MDC Guaynabo, but later stated (in another letter) that he had not in fact served MDC Guaynabo in the manner required by Rule 4 or contemplated by the Court. On December 17, 2013, the Court granted MDC Guaynabo's motion to dismiss.

Thereafter, Liburd filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

> The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration

> shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009).

Liburd does not allege that the law has changed since the Court entered its December 17, 2013, order. He also does not allege that new evidence is now available. Liburd also does not allege that any factual or legal matter was overlooked. Rather, in his motion, Liburd asks this Court to reconsider its December 17, 2013, order in deference to his own misunderstanding of the Federal Rules of Civil Procedure and this Court's multiple orders instructing him to serve MDC Guaynabo properly. Liburd at no point asked this Court to serve MDC Guaynabo, as was his right to do under 28 U.S.C. § 1915[1], nor did he himself serve MDC Guaynabo in conformity with Rule 4. That has not changed.

---

[1] The Court is aware that a litigant proceeding *in forma pauperis* is not required to serve the other parties to litigation his or herself. *See* 28 U.S.C. § 1915. However, the Court is also not required to serve on behalf of

Liburd v. MDC Guaynabo
Civil No. 2010-119
Order
Page 5

    The premises considered, it is hereby

    **ORDERED** that Liburd's motion for reconsideration is **DENIED.**


    S\_____
        CURTIS V. GÓMEZ
        **District Judge**

---

an *in forma pauperis* litigant unless and until the litigant requests the Court do so. *See Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)("[Litigant] merely needed to request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [he had] knowledge.") Here, Liburd made no such request despite repeated requests from the Court for him to show good cause.